IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Judy T. Daulton, )<br>                              )<br>            Plaintiff,   )<br>                              )<br>      vs.                    )<br>                              )<br>Piedmont Technical College, )<br>and Robert E. Templeton,   )<br>                              )<br>            Defendant.   )<br>                              ) | Civil Action No. 8:05-2682-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss and to strike. The plaintiff is proceeding *pro se*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On March 24, 2005, the plaintiff, an instructor in the Business Department of defendant Piedmont Technical College ("the College"), filed with the Equal Employment Opportunity Commission ("EEOC") a charge of employment discrimination against the College. In that charge, she alleged that in February 2005 the College promoted a junior male instructor, Richard Mandau, to the position of Academic Program Director rather than promoting the plaintiff and/or other similarly situated employees[1] (def. m. to dismiss and to strike, David Duff aff., ex. 1). The plaintiff specifically alleged, in pertinent part:

> I began my employment with the above cited employer in November, 1989. I have performed at a satisfactory level. In February, 2005, I found out a Richard Mandau was promoted to Academic Program Director in which he was not qualified for. To my knowledge myself and other employees exceed the experience,

---

[1] Although the EEOC charge alleged the College discriminated against the plaintiff based on sex and age, this court agrees with the defendants that the instant complaint contains no allegations that would constitute a claim under the Age Discrimination in Employment Act.

> knowledge and education than Mr. Mandau. We were not considered for the position.
>
> I asked the Director of Human Resources what was the criteria for Academic Program Director. No explanation was given.

(Def. m. to dismiss and to strike, ex. 1). By letter dated June 22, 2005, the EEOC notified the plaintiff that, following its investigation, it was unable to conclude that the information established violations of the statutes. The letter further notified the plaintiff of her right to sue (def. m. to dismiss and to strike, Duff aff., ex. 2).

In her complaint, the plaintiff alleges that the defendants denied her a promotion because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended (comp. ¶¶ 1, 11). She named as defendants the College and her supervisor, Robert E. Templeton ("Templeton"), who is the Chairman of the Business Department at the College. She further alleges that the defendants harassed her and treated her disparately because of her gender (comp. ¶¶ 2-10). Finally, she alleges a claim of defamation based upon state law (comp. ¶ 7).

The defendants argue that Paragraphs 2-10[2] of the complaint should be dismissed and stricken from the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (6) and (f) because those paragraphs contain allegations and claims that were not included in the administrative charge, even though all of the allegations occurred prior to the date the plaintiff filed her EEOC charge, and they are therefore procedurally barred. The defendants further argue that the defamation claim in Paragraph 7 is barred by the applicable two-year statute of limitations. The defendants note that the charge contained no allegation of any type of discrimination other than the denial of promotional opportunity. Further, the charge contained no reference to defendant Templeton, either by name, title, or position. Lastly, the defendants argue that defendant Templeton should be dismissed from this action because there is no individual liability under Title VII (def. m. to dismiss and to strike 2-3).

---

[2] The defendants state in their motion that no Paragraph 5 exists in the plaintiff's complaint, but they are mistaken (def. m. to dismiss and to strike 2). The paragraph number is at the top of page 6 of the complaint.

2

*Title VII*

As discussed above, the plaintiff alleged in her EEOC charge only that the College failed to promote her because of her sex. However, in her complaint, she alleges, in addition to her failure to promote claim, that the College and/or Templeton: failed to follow applicable procedures in hiring employees (comp. ¶ 2); made negative comments toward her (comp. ¶¶ 2, 3, 7); treated her differently than male employees in the conditions of her employment (comp. ¶¶ 4, 5, 6); attempted to evade applicable policies in providing sick leave to her (comp. ¶ 8); refused to provide her with certain classroom equipment (comp. ¶ 9); and failed to take remedial actions with regard to her internal complaints (comp. ¶ 10).

In *Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir.1995), the employee alleged unequal disciplinary treatment because of his race in his EEOC charge. In the subsequent Title VII lawsuit, the employee sought to assert racially discriminatory acts other than those related discipline and which had not been addressed in the EEOC charge or investigation. The Fourth Circuit Court of Appeals upheld the dismissal of the employee's newly-raised claims for failure to exhaust administrative remedies, stating, "Where ... claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* at 156-57 (citing *EEOC v. General Electric Co.*, 532 F.2d 359, 366 (4th Cir.1976)).

> Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex. *See Bryant [v. Bell Atl. Md., Inc.]*, 288 F.3d 124, 132-33 (4th Cir.2002); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir.1999) (Title VII retaliation claim barred when administrative charges alleged only age discrimination). A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits.
> ***
> At the same time, however, if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the

3

> charge and the claim is sufficient. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir.2000) (plaintiff exhausted administrative remedies when both formal complaint and administrative charge alleged she was retaliated against by management because she complained about supervisor's sexual harassment); *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir.1981); *see also Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir.2002) ("The crucial element of a charge of discrimination is the factual statement contained therein.") (internal quotation marks omitted); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir.2001) ( "[T]he EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.") (internal quotation marks omitted).

*Chacko v. Patuxent Institution*, 429 F.3d 505, 509-10 (4th Cir. 2005) (citing *Evans Techs. Applications & Serv. Co.*, 80 F.3d 954, 963-4 (4th Cir.1996) and *Lawson v. Burlington Indus., Inc.*, 683 F.2d 862, 863-64 (4th Cir.1982) (claim of discriminatory failure to rehire barred because charge only alleged illegal layoff)). Here, as argued by the defendants, the plaintiff's EEOC charge was limited to the plaintiff's claim of failure to promote because of sex. Further, there has been no indication by either party that the EEOC's investigation of the matter encompassed the claims of harassment and disparate treatment. As her new allegations of disparate treatment and harassment based on sex (Paragraphs 2-10) exceed the scope of the EEOC charge, they should be dismissed for failure to exhaust administrative remedies. While the plaintiff argues these paragraphs provide background information, this court finds that the allegations made are immaterial to the failure to promote claim that is properly before this court. Accordingly, the paragraphs should be stricken from the complaint. *See Presnell v. Seibels, Bruce & Co.*, No. 90-2691, 1991 WL 113612 *1 (4th Cir. 1991).

***Defamation***

The defendants next argue that the plaintiff's claim of defamation stated in Paragraph 7 of her complaint should be dismissed as untimely. The plaintiff alleges that "[o]n March 24, 2003, Robert Templeton . . . [engaged in a] . . . slanderous attack on me" (comp. ¶ 7). The plaintiff's complaint was filed September 16, 2005. The South Carolina Tort Claims Act is the exclusive remedy for all tort claims brought against political subdivisions of the State, including

4

the College and its employees. S.C. Code Ann. §§15-78-20(b), -30(d), (e). Slander is an action sounding in tort. *See Anderson v. The Augusta Chronicle*, 585 S.E.2d 506, 511 (S.C. Ct. App. 2003) ("tort of defamation exists to redress injury to plaintiff's reputation arising from defendant's publication of a false and defamatory statement"). Under the Tort Claims Act, a plaintiff suing a government entity, such as the College, or its agent, including defendant Templeton, must file her cause of action within two years from the date of the injury. S.C. Code Ann. §15-78-110. The plaintiff's complaint was filed approximately six months after the statute of limitations for filing the claim expired. Accordingly, the cause of action for defamation should be dismissed as untimely.

### *Defendant Templeton*

A Title VII claim can be asserted only against an employer and cannot be asserted against individual supervisors. *See Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). In *Lissau*, the Fourth Circuit Court of Appeals explained that individuals cannot be held liable in civil suits under Title VII because the language in the Title VII definition of "employer"[3] was intended to make employers responsible for the acts of those who were the employer's agents, rather than to extend personal liability to those agents. *Id.* at 180. Based upon the foregoing, defendant Templeton should be dismissed from the action.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion to dismiss and strike be granted.

s/William M. Catoe<br>
United States Magistrate

March 30, 2006

Greenville, South Carolina

---

[3] Title VII defines "employer" to include certain persons who employ 15 or more workers and "any agent of such a person." 42 U.S.C. §2000e(b).