

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| JUDY T. DAULTON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:05-2682-HFF-WMC |
| | § | |
| PIEDMONT TECHNICAL COLLEGE, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an employment discrimination action. Plaintiff is proceeding pro se. The matter is presently before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's Motion for Summary Judgment be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 16, 2007, and Plaintiff filed her objection memorandum on March 6, 2007. The Court has reviewed Plaintiff's objections, but finds them to be without merit.

Simply stated, and as observed by the Magistrate Judge,

> Assuming for purposes of this motion that the plaintiff can prove that an actual promotional opportunity existed, the plaintiff cannot show that she was rejected for such opportunity under circumstances giving rise to an inference of unlawful discrimination. The plaintiff has produced absolutely no evidence that she was treated less favorably than Mandau because of her gender. The plaintiff's own naked opinion, without more, is not enough to establish a prima facie case of discrimination. Furthermore, even if she could establish a prima facie case, the defendant has articulated a legitimately non-discriminatory reason for making Mandau the program director – because he stepped forward when the Department Chair requested help with scheduling . . . . The plaintiff has failed to point to any evidence that the defendant's articulated reason was pretext for gender discrimination. As stated above, pretext analysis does not convert Title VII into a vehicle for challenging unfair – but nondiscriminatory – employment decisions.

(Report 7-8) (internal alterations, citations, footnote and quotation marks omitted).

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's Motion for Summary judgment be **GRANTED**. Plaintiff's Motion to Compel, thus, is rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 7th day of March, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.